Fu v. Garland

BIA
Conroy, IJ
A201 296 873

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-one.

PRESENT:
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

LIU CHUI FU, AKA PEI FU LIU,
*Petitioner*,

v.                                                    18-3691
                                                      NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Zhou Wang, Esq., New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Claire L.
                         Workman, Senior Litigation
                         Counsel; Don G. Scroggin, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liu Chui Fu, a native and citizen of the People's Republic of China, seeks review of a November 20, 2018, decision of the BIA affirming an October 10, 2017, decision of an Immigration Judge ("IJ"). *In re Liu Chui Fu*, No. A 201 296 873 (B.I.A. Nov. 20, 2018), *aff'g* No. A 201 296 873 (Immig. Ct. N.Y. City Oct. 10, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent

plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements . . . , [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Fu did not state a credible claim of past persecution on account of his practice of Christianity.

Fu has waived any challenge to the agency's reliance on his inconsistent statements about whether he was tortured or only threatened during his five visits to police after release from detention by failing to address that inconsistency in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2009) (holding that claims not discussed in a

brief are waived).  This inconsistency alone is substantial evidence for the adverse credibility determination because the alleged beatings were examples of the police abuse that formed the basis of Fu's claim of past persecution.  *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that a "material inconsistency in an aspect of [applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks omitted)); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Thus, even absent the IJ's implausibility finding regarding Fu's testimony about when his mother advised him to leave China, substantial evidence supports the adverse credibility determination.  *See Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (noting that remand to the agency would be futile when "the reviewing panel is confident that the agency would reach the same result upon reconsideration cleansed of errors").

4

The IJ also reasonably found that Fu's documentary evidence failed to rehabilitate his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Contrary to Fu's argument here, the IJ did not err in declining to credit a letter from Fu's friend in China. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (deferring to agency on weight of documentary evidence and upholding BIA's decision not to credit letter from applicant's spouse in China); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding letters from applicant's friends and family insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Given the inconsistency and lack of reliable corroboration, the adverse credibility determination is

5

supported by substantial evidence.  *See Xiu Xia Lin*, 534 F.3d at 167.  That determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>